■ In the Matter of WILFREDO PESANTE, an Attorney, Respondent. COMMITTEE ON PROFESSIONAL STANDARDS, Petitioner. [930 NYS2d 917]—

Per Curiam.

By order entered April 27, 2011, the District of Columbia Court of Appeals determined that respondent posed a substantial threat of serious harm to the public and, therefore, temporarily suspended him from the practice of law. Five separate complaints against respondent are pending in the District of Columbia charging him with serious misconduct, including intentional or reckless misappropriation of client funds, dishonesty, conduct seriously interfering with the administration of justice, neglect, intentionally prejudicing clients, failure to communicate, failure to refund unearned fees and surrender client papers, knowingly making false statements to a tribunal and in connection with the disciplinary matters, offering evidence that he knew to be false, and other ethical misconduct. Respondent failed to timely notify this Court of his temporary suspension in the District of Columbia as required by the rules of this Court, which failure we deem professional misconduct (*see* 22 NYCRR 806.19 [b]).

Petitioner moves for an order imposing discipline upon respondent pursuant to this Court's rules (*see* 22 NYCRR 806.19). Respondent opposes the motion, setting forth mitigating circumstances and alleging various defenses. In light of the serious nature of the allegations of misconduct underlying the temporary suspension by the District of Columbia, as well as respondent's professional misconduct in failing to notify this Court of his temporary suspension (*see Matter of Percely*, 63 AD3d 1366, 1367 [2009]), we grant petitioner's motion and conclude that respondent should be suspended from the practice of law indefinitely and until further order of this Court, effective immediately. Any application for reinstatement shall include proof that he has been reinstated in the District of Columbia.

Lahtinen, J.P., Malone Jr., Kavanagh, Stein and McCarthy, JJ., concur. Ordered that petitioner's motion is granted; and it is further ordered that respondent is suspended from the practice of law for an indefinite period, effective immediately, and until further order of this Court; and it is further ordered that, for the period of suspension, respondent is commanded to desist and refrain from the practice of law in any form, either

as principal or as agent, clerk or employee of another; and respondent is hereby forbidden to appear as an attorney or counselor-at-law before any court, judge, justice, board, commission or other public authority, or to give to another an opinion as to the law or its application, or any advice in relation thereto; and it is further ordered that respondent shall comply with the provisions of this Court's rules regulating the conduct of suspended attorneys (*see* 22 NYCRR 806.9).